IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

HEIDI MEREDITH,

      Plaintiff,

v.

NESTLE PURINA PETCARE
COMPANY,

      Defendant.

Civil Action No. 3:20-CV-00711-DJN

## Purina's Memorandum in Support of its Motion to Dismiss

Nestlé Purina Petcare Company ("Purina") respectfully submits this Memorandum in Support of its Motion to Dismiss, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

## Preliminary Statement

For over 90 years, Purina has, and continues to be, a trusted leader in pet foods and other pet products.  Purina's quest to drive pet care products forward and conduct industry-leading research on the wellbeing of pets pushes it to do more year after year.  As stated on its website, Purina "works hard for your pets every day, and we love doing it."[1] To attract and retain the most dedicated and passionate employees to assist with these goals, Purina makes sure that it "is a great place to work."[2]

---

[1] https://www.purina.com/about-purina; *see Philips v. Pitt Cty. Mem'l Hosp.*, 572 F.3d 176, 180 (4th Cir. 2009) (in reviewing a Rule 12(b)(6) dismissal, a court may properly take judicial notice of matters of public record); *Hall v. Virginia*, 385 F.3d 421, 424 (4th Cir. 2004) (noting it was proper during Rule 12(b)(6) review to consider "publicly available [statistics] on the official redistricting website of the Virginia Division of Legislative Services.")

[2] https://www.purina.com/about-purina

Heidi Meredith ("Meredith"), a former Purina employee that currently works for a Purina vendor, Old Dominion Warehouse ("ODW"), claims in her Complaint that she was defamed when two Purina employees, Twinkle Oliver ("Oliver") and an unnamed logistics manager, called her current boss at ODW and falsely said, "in effect," that Meredith had been terminated for insubordination, was a disgruntled employee, and "might sabotage" Purina's products.[3] Purina moves to dismiss Meredith's Complaint because these statements cannot support a claim for defamation as a matter of law. In short, the insubordination comment is opinion-based and not sufficiently false or negative to constitute defamation. Whether Meredith is "disgruntled" is likewise an opinion and not actionable. Furthermore, predictions about future conduct are not defamatory as a matter of law because they cannot be proven as false or true. Alternatively, the Complaint is subject to dismissal because Purina is entitled to the presumption of a qualified privilege for these comments and Meredith has failed to allege facts in her Complaint that, if proven, would establish that Purina acted with malice.

For these reasons, which are explained and supported in more detail below, Purina is entitled to a summary dismissal and respectfully requests that this Court grant its Motion to Dismiss.

DISCUSSION

A.    RULE 12(B)(6) STANDARDS

A motion to dismiss under Rule 12(b)(6) tests the legal sufficiency of a complaint. *See Edwards v. City of Goldsboro*, 178 F.3d 231, 243 (4th Cir. 1999). To survive a motion to dismiss

---

[3] Complaint, ¶¶ 12, 15, and 19. Meredith also claims that Purina said it "didn't want someone working at ODW who might sabotage its products," but does not assert in her Complaint that this was a false statement.

under Rule 12(b)(6), a plaintiff must "state[] a plausible claim of relief" that "permit[s] the court to infer more than the mere possibility of misconduct" based upon its "judicial experience and common sense." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009); *see also Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). While this Court must accept as true well-plead facts, "legal conclusions, formulaic recitation of the elements of a cause of action, or base assertions devoid of further factual enhancements fail to constitute well-pled facts for Rule 12(b)(6) purposes." *Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc.*, 591 F.3d 250, 255 (4th Cir. 2009) (citing *Iqbal*, 556 U.S. at 678).

  B.  THE LAW OF DEFAMATION IN VIRGINIA

In Virginia, for a statement to be "actionable" as defamation, among other things,[4] it must meet the "strict" requirement of being "both false and defamatory." *Jordan v. Kollman*, 269 Va. 569, 575 (2005); *Dragulescu v. Va. Union Univ.*, 223 F. Supp. 3d 499, 507-08 (E.D. Va. 2016). "Statements that express only the speaker's opinion and not matters of fact are not actionable as defamation because such statements cannot be shown to be false." *Gov't Micro Res., Inc. v. Jackson*, 271 Va. 29, 40, 624 S.E.2d 63 (2006). Statements of opinion are those that are "relative in nature and depend largely upon the speaker's viewpoint." *Fuste v. Riverside Healthcare Ass'n,* 265 Va. 127, 132 (2003). Expressing "a theory, conjecture or surmise" is a form of an opinion and is not actionable as defamation. *Icenhour v. Town of Abingdon*, No. 1:19CV00033, 2020 U.S. Dist. LEXIS 88859, at *17 (W.D. Va. May 20, 2020) (citations omitted). In a similar vein, statements which are subjectively "insulting, offensive, or otherwise inappropriate" but which "constitute[] no more than

---

[4] The elements of a defamation claim include "(1) publication of (2) an actionable statement with (3) the requisite intent." *Jordan v. Kollman*, 269 Va. 569, 575 (2005).

3

'rhetorical hyperbole'" cannot form the basis of a defamation claim. *See Schaecher*, 290 Va. at 92 (quoting *Yeagle*, 255 Va. at 296). Whether an alleged defamatory statement is one of fact or opinion is a question of law. *Fuste v. Riverside Healthcare Ass'n*, 265 Va. 127, 132 (2003).

It is not enough that the statement is false, however. To be an "actionable statement," the communication at issue must also carry "the requisite defamatory 'sting' to one's reputation." *Schaecher v. Bouffault*, 290 Va. 83, 92 (2015). According to the Fourth Circuit, to be defamatory, the statement must "tend[] so to harm the reputation of another as to lower him in the estimation of the community or to deter third persons from associating or dealing with him." *Chapin v. Knight-Ridder, Inc.*, 993 F.2d 1087, 1092 (4th Cir. 1993) (citation omitted). "Merely offensive or unpleasant statements" do not suffice. *Id.* "[R]ather, defamatory statements 'are those that make the plaintiff appear odious, infamous, or ridiculous.'" *Echtenkamp v. Loudon Cnty. Pub. Sch., 263 F. Supp. 2d 1043, 1061 (E.D. Va. 2003)* (quoting *Chapin*, 993 F.2d at 1092); *Zarrelli v. City of Norfolk*, No. 2:13CV447, 2014 U.S. Dist. LEXIS 86648, at *24 (E.D. Va. May 22, 2014); *see Zarrelli v. City of Norfolk*, No. 2:13cv447, 2014 U.S. Dist. LEXIS 85782, at *4 (E.D. Va. June 23, 2014) (adopting recommendation of the Magistrate Judge and granting motion to dismiss); *see also Dragulescu v. Va. Union Univ.,* 223 F. Supp. 3d at 508.

Under Virginia law, courts must decide as a threshold matter of law whether a statement is reasonably capable of defamatory meaning before allowing the matter to be presented to a finder of fact. *Dragulescu v. Va. Union Univ.,* 223 F. Supp. 3d at 508 (quoting *Schaecher v. Bouffault*, 290 Va. 83, 94, 772 S.E.2d 589 (2015)). As such, whether a statement has the requisite defamatory sting to one's reputation is a matter of law to be determined by the court and properly disposed of on a

4

motion to dismiss.  *Chapin v. Knight-Ridder, Inc.*, 993 F.2d 1087, 1092 (4th Cir. 1993) (citing *Chaves v. Johnson*, 230 Va. 112 (1985).

Where a plaintiff has asserted sufficient facts in the Complaint to establish an "actionable statement" under Virginia law, a defamation claim is still subject to dismissal under Rule 12(b)(6) where the identified communications are entitled to a qualified privilege.  *Zarrelli v. City of Norfolk*, No. 2:13CV447, 2014 U.S. Dist. LEXIS 86648, at *27-29 (E.D. Va. May 22, 2014).  The qualified privilege attaches to several types of communications, including those "[c]ommunications between persons on a subject in which the persons have an interest or duty." *Cashion v. Smith,* 286 Va. 327, 337 (2013).  As such, the qualified privilege extends to "communications between employers—or the employer's 'proper representatives'—discussing former employees with prospective employers." *Nedrick v. Southside Reg'l Med. Ctr.*, Civil Action No. 3:19cv202, 2020 U.S. Dist. LEXIS 20337, at *19 n.12 (E.D. Va. Feb. 3, 2020) (citations omitted).  Further, the Supreme Court of Virginia has made clear "that employment matters are occasions of privilege in which the absence of malice is presumed." *Larimore v. Blaylock,* 259 Va. 568, 574, 528 S.E.2d 119 (Va. 2000).

A plaintiff may overcome the qualified privilege by pleading facts that, if proven, establish "malice." *Dragulescu v. Va. Union Univ.,* 223 F. Supp. 3d at 508; *see Great Coastal Exp., Inc. v. Ellington*, 230 Va. 142, 151 (1985).  Unlike some jurisdictions, Virginia does not permit a qualified privilege to be defeated upon a showing of mere negligence. "We require proof of common-law malice, that is, behavior actuated by motives of personal spite, or ill-will, independent of the occasion on which the communication was made." *Gazette, Inc. v. Harris*, 229 Va. 1, 18 (1985) (citing *Story* v. *Newspapers, Inc.*, 202 Va. 588, 590 (1961)).  Bare, "[r]epeated assertions that a party acted

with malice or with a motive of personal spite is not sufficient; rather, such conclusory language does not state a claim for malice if the facts as alleged cannot support a finding as such." *Ortiz v. Panera Bread Co.*, No. 1:10-cv-1424, 2011 U.S. Dist. LEXIS 85463, 2011 WL 3353432, at *5 (E.D. Va. Aug. 2, 2011) (internal citations omitted); *see Zarelli v. City of Norfolk*, No. 2:13-cv-447, 2014 U.S. Dist. LEXIS 85782, 2014 WL 2860295, at *11 (E.D. Va. June 23, 2014) (dismissing defamation claim for failure to plead more than conclusory allegations of malice); *Verrinder v. Rite Aid Corp.*, No. 3:06-cv-00024, 2006 U.S. Dist. LEXIS 53385 (W.D. Va. Aug. 2, 2006) (citing *Echtenkamp*, 263 F. Supp. 2d at 1062) (stating that a claim may survive a motion to dismiss if the plaintiff makes more than conclusory allegations of malice and describes a greater pattern of animus by the defendant); *Owen v. Liberty Univ.*, No. 6:19-cv-00007, 2020 U.S. Dist. LEXIS 64579, at *43-44 (W.D. Va. Apr. 13, 2020) (finding that the complaint lacked well-pleaded factual allegations to establish the malice required to displace the qualified privilege).

Whether a privilege has attached is a question of law. *Cashion,* 286 Va. at 337; *Dragulescu v. Va. Union Univ.,* 223 F. Supp. 3d 499, 507-08 (E.D. Va. 2016).

C.    THE STATEMENTS ATTRIBUTED TO PURINA ARE NOT "ACTIONABLE STATEMENTS" AND CANNOT SUPPORT A CLAIM OF DEFAMATION AS A MATTER OF LAW

Meredith identifies three statements made by Purina to ODW in support of her defamation claim:   (1) that Meredith was fired for insubordination,; (2) Meredith was a disgruntled former employee; and (3) Meredith might "sabotage" [Purina's] products.[5]   Each of these communications are addressed separately below.

---

[5] *See* Complaint, ¶¶ 1, 12 and 15.   Meredith does not include or recount the "disgruntled" comment under

CHARACTERIZING MEREDITH'S TERMINATION AS INSUBORDINATION
IS A NON-ACTIONABLE STATEMENT

As an initial matter, Meredith concedes that she was involuntarily terminated by Purina and this termination was for "conduct."[6]  As such, the issue is not whether Purina defamed Meredith by communicating to ODW that Meredith was fired from Purina, but whether it defamed her in how it characterized that termination.  Further, it is unclear whether Meredith claims Purina used the term "insubordination" when it described that termination to ODW or if Purina referred to Meredith as having "problems" at Purina, which she claims "in effect" meant or implied that she was terminated for insubordination.  Either way, however, the insubordination comment is not defamatory and Meredith's claim for this comment fails as a matter of law.

In Virginia, stating that an employee was terminated for insubordination, or merely describing conduct that could be interpreted by an employer as insubordination, does not support a claim of defamation, as it is either opinion or not sufficiently defamatory to constitute an "actionable statement."  For example, in *Baldwin v. Bader*, Laura Daniel Baldwin ("Baldwin") worked for the Crossroads Community Services Board ("Crossroads") as an office manager. Baldwin claimed that the Executive Director for Crossroads defamed her by telling several staff members that Baldwin had been "insubordinate."[7] *Baldwin v. Baker*, 94 Va. Cir. 366, 372 (Cir. Ct. 2016).  The *Baldwin* court held on demurrer that Baldwin could not state a claim for defamation based upon the Executive Director's

---

Count One, but Purina nevertheless addresses this allegation below.  *See* Complaint, ¶ 19 (listing defamatory statements in support of Count One).
[6] Complaint, ¶ 7.
[7] Baldwin allegedly failed to follow the office manager's directive to terminate the Angel Tree Program. *Baldwin v. Baker*, 94 Va. Cir. at 369.

use of the term "insubordinate." The court held that use of the term "insubordinate" was necessarily based on the speaker's viewpoint and her "interpretation of the event" . . . [and] [t]his statement is therefore non-actionable opinion that does not constitute defamation." Explaining further, the court in *Baldwin v. Baker* held that:

> No reasonable person considering this common term 'insubordination' would associate this language with an implication that Baldwin habitually fails to perform or wants for qualities or skills necessary to manage an office. A supervisor's rebuke of an employee's single failure to follow a directive is far removed from commenting that the employee wants for skills or qualities necessary for her position. Baldwin's defamation claim therefore fails as a matter of law.

*Baldwin v. Baker*, 94 Va. Cir. at 372.

The court in *Baldwin v. Baker* also held that, aside from the use of the term "insubordination," an employer that describes conduct that could be interpreted as insubordination does not have the "requisite sting to the plaintiff's reputation" to support a claim of defamation. More specifically, the court held that, "No reasonable person could conclude that Baker's description of Baldwin's failure to follow a superior's directive to discontinue a charity program renders Baldwin infamous, odious or ridiculous as a matter of law." *Baldwin v. Baker*, 94 Va. Cir. at 372-73.

Use of the term "insubordination" was addressed a second time in *Baldwin v. Baker*. In addition to the claim asserted individually by Baldwin, Baldwin and several co-workers claimed that they were defamed when the Chair of the Board of Directors for Crossroads sent an email stating that the plaintiffs, who had complained directly to the Board of Directors about their supervisor, had engaged in "insubordination" that was "despicable" and that this was "immature and unprofessional." *Id.* at 374. The court dismissed this defamation claim on demurrer as well, holding that the Chair's statement, as a matter of law, did not state or imply "habitual course of conduct or the want of qualities

or skill that the public is reasonably entitled to expect of persons engaged in the Plaintiffs' professions," which was required to constitute actionable defamation. *Id.* The court further held that the characterization of the plaintiff's conduct as "insubordination" was opinion and therefore "not actionable defamation." *Id.; see Dragulescu v. Va. Union Univ.,* 223 F. Supp. 3d at 510 (single incident of misconduct (use of profane language in the workplace) is neither inflammatory nor the type of statement that "tends to injury one's reputation in the common estimation of mankind") (citation omitted); *see also Restatement (Second) of Torts § 573* (1977) allegation of a single mistake in the conduct of a profession is actionable only if it fairly implies an habitual course of conduct or the want of qualities or skill that the public is reasonably entitled to expect of persons engaged in such profession).

Similarly, in *Zarrelli v. City of Norfolk,* the United Stated District Court considered whether statements that an employee failed to follow office policies (regarding travel accommodations), which the employer described as "counterproductive and undermining," could be considered defamatory as a matter of law. *Zarrelli v. City of Norfolk,* No. 2:13CV447, 2014 U.S. Dist. LEXIS 86648, at *3 (E.D. Va. May 22, 2014).  Based on its review of the allegations contained in the complaint against the applicable standards as expressed in *Echtenkamp v. Loudon County Public Schools,* the court held that these statements, which described insubordinate behavior[8] (but did not use that specific term), were not defamatory as a matter of law, as they did not "impugn [plaintiff's] integrity or fitness for the position." *Zarrelli v. City of Norfolk,* No. 2:13CV447, 2014 U.S. Dist. LEXIS 86648, at *26; *see*

---

[8] *See Jafari v. Old Dominion Transit Mgmt. Co.,* 913 F. Supp. 2d 217, 229 (E.D. Va. 2012) (interpreting "insubordination" as disobeying management directives).

*Echtenkamp v. Loudon Cty. Pub. Schs*, 263 F. Supp. 2d 1043, 1063 (E.D. Va. 2003) (holding that *a social worker's statement that the* that plaintiff "behaved inappropriately during a student-counseling group by 'insulting' and 'contradicting'" her cannot be construed to imply that the plaintiff "is unfit for or lacks integrity in performing her duties or to prejudice plaintiff in her profession, nor are they severe enough to make plaintiff appear odious, infamous, or ridiculous under the general defamation standard"); *see also Wilcox v. Lyons*, No. 7:17-cv-000530, 2018 U.S. Dist. LEXIS 206777, at *10 (W.D. Va. Dec. 6, 2018) (statement that the plaintiff had engaged in "willful insubordination" that justified termination did not establish a stigma that precluded plaintiff from engaging in other work or imply "serious character defects" as a matter of law); *Dragulescu v. Va. Union Univ.*, 223 F. Supp. 3d at 509 to 510 (statements that the plaintiff spoke "disparagingly" and did not "properly contribute to the [employer's] mission" were both relative in nature and depended on the speaker's viewpoint and did not lower the plaintiff in the estimation of the community or deter third persons from associating or dealing with plaintiff as a matter of law).

Meredith has failed to allege facts showing that the alleged communication regarding insubordination is an "actionable statement" as a matter of law. Meredith's claim that Purina defamed her by making an insubordinate statement to ODW is without merit and should be dismissed under Rule 12(b)(6).

### CHARACTERIZING A FORMER EMPLOYEE AS "DISGRUNTLED" IS NOT DEFAMATORY

Characterizing someone as a "disgruntled former employee" does not support a claim of defamation. Rather, it is hyperbole, opinion and not capable of being proven as true or false because it is based on the viewpoint of the speaker. Consider, for example, *Jacobs v. Oath for La., Inc.*, where

the court addressed this same claim and held, "We do not find that calling someone a "disgruntled employee" is susceptible of a defamatory meaning." *Jacobs v. The Oath for Louisiana, Inc.*, 16-1060, p. 7 (La. App. 4 Cir. 6/22/17), 221 So.3d 241, 248, *writ denied*, 17-1478 (La. 11/13/17), 229 So.3d 926, *cert. denied*, 138 S. Ct. 2574, 201 L. Ed. 2d 293 (2018). Numerous other cases have, not surprisingly, reached the same conclusion. *See, e.g., Hascall v. Duquesne Univ. of the Holy Spirit*, Civil Action No. 14-1489, 2016 U.S. Dist. LEXIS 83666, at *6 (W.D. Pa. June 28, 2016) (whether plaintiff is "a disgruntled faculty member in Duquesne's School of Law who was recently denied tenure by the university" is non-actionable opinion); *Jackson v. NAACP Houst Branch*, No. H-11-2474, 2012 U.S. Dist. LEXIS 192904, at *14 (S.D. Tex. May 18, 2012) (statements that the plaintiff is "disgruntled" and "angry" are opinion and not capable of being defamatory); *Thompson v. Valley Patriot, Inc.*, No. 09-P-801, 2010 Mass. App. Unpub. LEXIS 277, at *4-5 (App. Ct. Mar. 16, 2010) (whether plaintiff was a "disgruntled" employee reflected the speaker's personal opinion was not an actionable false assertion of fact); *Simas v. First Citizens' Fed. Credit Union*, 63 F. Supp. 2d 110, 117 (D. Mass. 1999) (holding that use of the term "disgruntled is non-actionable, as it "is a word that is vague, imprecise, and subject to numerous interpretations").

Even if this were not opinion, being "disgruntled" (which is generally understood as nothing more than being upset) is not a comment that has sufficient "sting" to be defamatory, nor does it tend to show that the worker is unfit to work in her chosen profession. *See Zarrelli v. City of Norfolk*, No. 2:13CV447, 2014 U.S. Dist. LEXIS 86648, at *26; *Echtenkamp v. Loudon Cty. Pub. Schs*, 263 F. Supp. 2d at 1063.

11

Regardless of whether characterized Meredith as a "disgruntled former employee" to ODW, this type of communication is not an "actionable statement" as a matter of law. Meredith's claim of defamation, to the extent it is based on this comment, is subject to dismissal under Rule 12(b)(6).

### A COMMENTS ABOUT A POTENTIAL FUTURE ACTION IS NOT DEFAMATORY

The final comment that Meredith alleges in support of her defamation claim—that she might "sabotage" Purina's product—is nothing is nothing but a prediction about a possible future event. However, predictions or theories about future events are not factual, however, and are thus not "actionable statements" or defamatory as a matter of law. *See Icenhour v. Town of Abingdon*, 2020 U.S. Dist. LEXIS 88859, at *17 (theory or conjecture not actionable defamation); *see also, e.g., WCP/Fern Exposition Servs. v. Hall*, Civil Action No. 3:08-CV-522, 2011 U.S. Dist. LEXIS 32590, 2011 WL 1157699, at *13 (W.D. Ky. Mar. 28, 2011) (prediction about a possible future event of "sabotage" qualifies as privileged opinion because it was simply a prediction about a possible future event); *Rushman v. City of Milwaukee*, 959 F. Supp. 1040, 1044 (E.D. Wis. 1997) (predictions are not defamatory); *Bebo v. Delander*, 632 N.W.2d 732, 740 (Minn. Ct. App. 2001) ("prediction of a future event" is "not a fact capable of verification" and therefore is not defamatory as a matter of law); and *Maurer v. Town of Indep.*, No. 13-5450, 2014 U.S. Dist. LEXIS 26201, at *29-30 (E.D. La. Feb. 28, 2014) (same).

Meredith's claim that Purina told ODW that she might "sabotage" Purina's products while working for ODW is a prediction of possible future conduct, which simply cannot be proven as true or false. It is therefore not an "actionable statement," and as Meredith has not identified any statement

12

that could support a defamation claim, her Complaint should be summarily dismissed under Rule 12(b)(6).

D.    MEREDITH DOES NOT ALLEGE FACTS THAT WOULD DEFEAT THE QUALIFIED PRIVILEGE

The statements alleged in the Complaint are communications between a former employer (Purina) and a vendor (ODW) that has been entrusted with storing and safeguarding Purina's products. Because Purina and ODW have an interest in discussing which employees are responsible for the care and protection of Purina's products, and, in addition, because ODW is employing a former employee of Purina, Purina is entitled to a qualified privilege over the statements it allegedly made to ODW. Further, because the alleged discussions concerned employment matters between a former and a current employer, Purina is entitled to the presumption that alleged statements were made without malice. *Larimore v. Blaylock,* 259 Va. at 528; *see Dragulescu v. Va. Union Univ.,* 223 F. Supp. 3d at 508; *Zarrelli v. City of Norfolk*, 2014 U.S. Dist. LEXIS 86648, at *27-29.

Meredith, however, has not set forth in the Complaint any facts that, if proven, would establish that Purina's alleged communications with ODW were actuated by some sinister or corrupt motive such as hatred, revenge, personal spite, ill will, or desire to injure Meredith. *See Echtenkamp,* 263 F. Supp. 2d at 1062. While Meredith does claim that Purina told Meredith that it has a policy of only providing a neutral reference to potential employers, even if this were proven to be true it would not establish malice and defeat the qualified privilege, for at least two reasons. First, even if Purina violated a policy about only providing neutral job references through a 1-800 number, this would still not establish malice, especially where – as alleged by Purina – these comments were made within the context of Purina attempting to safeguard it products. At best, it would show that Purina was negligent

13

in not following its own policy, which is not evidence of malice.  (This is an odd argument for Meredith to make, as she concedes that Purina is the one that provided a recommendation that helped Meredith gain employment at ODW in the first place, which would be a violation of this alleged no-reference policy).  Second, the policy that Meredith describes in the Complaint refers only to when *potential* employers *reach out to Purina* for *a job reference*.  It would not, by Meredith's own characterization of that policy, prohibit or concern instances where Purina contacts its vendor about one of the vendor's current employees.  The policy described by Meredith simply does not apply here.

In short, a summary dismissal must be granted if the defendant is entitled to a qualified privilege and the complaint lacks specific facts that would support a conclusion that the defendant harbored "ill will" or "personal spite" toward the plaintiff.  Purina is entitled to a qualified privilege here, and as the Complaint fails to assert facts that, if established, would defeat the privilege.  Purina is therefore entitled to a summary dismissal under Rule 12(b)(6).

## Conclusion

Meredith has failed to allege facts showing that Purina made an "actionable statement" to ODW that could support a claim of defamation as a matter of law.  Even if Meredith had alleged such facts, she has failed to allege facts that could, if established, overcome the qualified privilege.  Purina is entitled to a summary dismissal and accordingly requests that this Court grant its motion to dismiss under Rule 12(b)(6) and dismiss Meredith's Compliant with prejudice, and grant any additional relief the Court deems appropriate as a matter of law.

Dated:  October 20, 2020                 Respectfully submitted,


                                         /s/ Kevin D. Holden
                                         Kevin D. Holden (VSB No. 30840)
                                         JACKSON LEWIS P.C.
                                         701 East Byrd Street, 17th Floor
                                         Richmond, Virginia  23219
                                         Tel.: (804) 649-0404
                                         Fax: (804) 649-0403
                                         kevin.holden@jacksonlewis.com

                                         *Counsel for Purina*


### CERTIFICATE OF SERVICE

I hereby certify that on the 20th day of October, 2020, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will then send a notification of such filing to the following:

                    Richard F. Hawkins (VSB No. 40666)
                    THE HAWKINS LAW FORM, PC
                    2222 Monument Avenue
                    Richmond, VA 23220
                    Tel: (804) 308-3040
                    Fax: (804) 308-3132

                    *Counsel for Heidi Meredith*



                                         /s/
                                         Kevin D. Holden (VSB No. 30840)
                                         Jackson Lewis P.C.
                                         701 E. Byrd St., Richmond, VA 23219
                                         P.O. Box 85068, Richmond, VA 23285
                                         Tel: (804) 649-0404
                                         Fax: (804) 649-0403
                                         Kevin.holden@jacksonlewis.com

                                         *Counsel for Purina*

4845-2275-8095, v. 1